# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Patricia Porter Kryder, | ) | CASE NO.: 5:09CV2382 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| George Monroe Kryder, III, et al., | ) | (Resolving Doc. 11) |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on a motion to dismiss filed by filed by Defendants George Monroe Kryder, III and Robert Stanley Kryder. Plaintiff Patricia Porter Kryder has responded in opposition. Having reviewed the pleadings, briefs, and applicable the law, the Court hereby GRANTS the motion.

**I. Facts**

Plaintiff and Defendants are siblings and the children of George Monroe Kryder, Jr. and Marguerite Patricia Porter Kryder. Pending before this Court is Plaintiff's complaint for intentional interference with expectancy. Also pending at this time is a lawsuit filed by Plaintiff in the Summit County Probate Court. In the probate action, Plaintiff contended that her father disinherited her due to a mistake of fact or unanticipated circumstances. The probate court dismissed the action as it related to Plaintiff's father, finding that it was barred by the statute of limitations. Plaintiff has a motion for reconsideration of that judgment pending at this time. Moreover, the probate action also challenged aspects of Plaintiff's mother's estate. Those claims have not been

adjudicated. As such, the order dismissing the claims regarding Plaintiff's father is an interlocutory order.

On October 28, 2009, this Court held a case management conference. At that time, the Court granted Defendants leave to file a motion to dismiss. Defendants filed their motion to dismiss on January 11, 2009. Plaintiff responded in opposition on January 25, 2010. The matter now appears before the Court.

**II. Legal Standard**

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548.

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's

factual allegations.  *Id*.  Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions.  *Id.*  Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

**III. Analysis**

Defendants' motion focuses on multiple theories that they purport warrant dismissal.  The Court, however, will focus on whether this action is ripe for judicial review.[1]

Ohio courts have addressed the issue of ripeness in the context of an interference with expectancy claim on several occasions.  In so reviewing, those courts have consistently held that "a claim for intentional interference with expectancy of inheritance may not be pursued if adequate relief is available to the plaintiff through probate procedures[.]"  *Roll v. Edwards*, 156 Ohio App.3d 227, 236 (2004).  "[U]ntil the probate court has rendered a decision in the will contest, it is uncertain whether [the plaintiff has] suffered any damages as a result of [the] alleged intentional interference with [her] expectancy of inheritance."  *Id.* at 237.  "[If the plaintiff was] permitted to pursue the two causes of action simultaneously, in two separate courts, there is a risk that [she] will receive a double recovery - the inheritance [she seeks] to reclaim in the will contest and money damages equal to the value of the inheritance in the tort action."  *Id.* at 236.  Finally, because the probate court has exclusive jurisdiction to "to take proof of wills, construe wills, and to direct, control and distribute estates," other courts must "wait for

---

[1] As the ripeness doctrine is designed to "prevent courts from entangling themselves in abstract debates that may turn out differently in different settings," this Court will not address the merits arguments at this time.  *Warshak v. United States*, 532 F.3d 521, 525 (6th Cir. 2008) (quotation omitted).

3

these issues to be resolved before proceeding with a related tort action." *In re Estate of Goehring*, 2007 WL 754745, at *10 (Ohio Ct. App. Mar. 6, 2007).

Plaintiff has not contested the validity of the above precedents.  Instead, Plaintiff contends that her will contest has been resolved, making the above precedents inapplicable.  The Court disagrees.

It is undisputed that Plaintiff's will contest action was only one part of her claims in the probate court.  Accordingly, the order of dismissal of that particular claim was interlocutory and subject to reconsideration at any time by the trial court.  In fact, pending before that court is Plaintiff's motion for reconsideration.  As the action in the probate court remains open, the Court finds that the underlying rationale of the above-quoted precedents still remains.  It is still quite possible that Plaintiff could succeed in the probate action and therefore negate any damages in this action.  As such, Defendants' motion to dismiss is well taken.

### IV.  Conclusion

Defendants' motion to dismiss is GRANTED.  The Court, however, is cognizant of Plaintiff's concern that her action may be time barred if she must await the probate court's resolution of *all* of her pending claims before re-initiating this action.  Accordingly, this matter is DISMISSED.  However, this matter shall be subject to reopening by motion of Plaintiff after the conclusion of the proceedings in the probate court.

IT IS SO ORDERED

January 27, 2010                                   ____/s/ Judge John R. Adams_____
Date                                                         JUDGE JOHN R. ADAMS
                                                                 UNITED STATES DISTRICT COURT

4